# Supreme Court of Texas

No. 25-0127

Laboratory Corporation of America Holdings d/b/a Laboratory Corporation of America,

*Petitioner*,

v.

The State of Texas and NPT Associates,

*Respondents*

On Petition for Review from the
Court of Appeals for the First District of Texas

JUSTICE BUSBY, dissenting.

Loss causation and materiality are distinct elements that a legislature creating a statutory fraud claim may require. I agree with the Chief Justice that the plain text of this statute requires loss causation but not materiality to prove a claim of fraud by omission. *Ante* at 4-6 & n.3 (Blacklock, C.J., dissenting). I therefore join his dissenting opinion.

But I agree with the Court that the result in today's case does not bind the State to pay fraudulent claims in the future. *Ante* at 43. I write

separately to emphasize that the Court does not endorse LabCorp's reading of the billing regulations and agreements at issue.

According to LabCorp, these regulations and agreements merely prohibit it from *charging or billing* a rate to certain classes of patients—such as those with private insurance—that is less than the rate it bills Medicaid patients. In its view, these rules do not prohibit it from *accepting* full payments from those classes of patients that are less than the payments it accepts from Medicaid patients.

I read some of the rules differently. For example, one regulation makes it a sanctionable act to "submit[] . . . a [Medicaid] claim for payment . . . for an item or service where the charges *or costs* for that item or service were discounted for . . . privately insured persons." 1 TEX. ADMIN. CODE § 371.1653(10) (emphasis added). This language is not limited to charges billed for an item or service; it also includes costs paid. Here, the State contends that the costs ultimately paid by privately insured persons were discounted as a class, not just in one-off charity cases.

Similarly, the manual to which LabCorp agreed requires that a provider "will not bill the Medicaid program for services that are *provided* or offered to non-Medicaid patients . . . discounted or reduced in any fashion including, but not limited to, . . . advertised specials." (Emphasis added.) This requirement is expressly not limited to advertised specials or offered rates; it also includes the rates at which services are actually provided, which the State asserts were improperly discounted here.

2

If LabCorp continues these practices, "[n]othing . . . constrains the State's ability" to take action against alleged "regulatory violations going forward." *Ante* at 43.

_____

J. Brett Busby
Justice

**OPINION FILED:** June 19, 2026